MENELEY, Plaintiff-Appellant, v. CARPENTER et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2278. Decided September 1, 1954.

Pickrel, Schaeffer & Ebeling, William H. Selva, Kennedy Legler, Jr., of Counsel, Dayton, for plaintiff-appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Earl N. Merwin, Asst. Attys. Genl., Columbus, for defendants-appellees.

## OPINION

Per CURIAM:

Submitted on motion of defendants-appellees for an order dismissing the appeal for the reason that the appellant has failed to file assignments of error as required by Rule VII of this court.

The record shows that within the time prescribed by rule the plaintiff-

appellant filed what purports to be an assignment of error and brief. However, as contended by defendants-appellees, which is supported by the record, all four assignments of error are directed to the order made by the State Board of Real Estate Examiners revoking appellant's license as a real estate broker. No assignment of error is expressly directed to the judgment of the Common Pleas Court, which on appeal affirmed the order of the Board of Real Estate Examiners. However, the notice of appeal is directed to the judgment of the Common Pleas Court, and the brief states this record fact. The time within which assignments of error and brief may be filed has expired.

While neither the assignments of error nor the briefs properly set forth the errors of the Common Pleas Court, the liberality extended in such matters by the Supreme Court would permit an amendment of the assignments of error in furtherance of justice for good cause shown, on application of appellant. See Mosey v. Hiestand, 138 Oh St 249, and cases cited under §2505.05 R. C.

The motion to dismiss the appeal will be overruled. The Court will entertain appellant's motion to amend.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## APPEAL ON QUESTIONS OF LAW

No. 2278. Decided December 28, 1954.

**Appellate Review [Abs & O. Jur.] §185**

1. The appellate court on appeal on questions of law will not pass on errors which were not presented to the trial court for consideration.

**Appellate Review [Abs & O. Jur.] §756**

2. The action of an administrative body in refusing to grant a continuance will be supported unless it appears such body abused its discretion and the question presented is whether upon a consideration of the whole record it appears that the complaining party was prejudiced by the refusal to grant such continuance.

**Appellate Review [Abs & O. Jur.] §756**

3. Where, although the counsel whom appellant retained was unavoidably absent during a part of the hearings, the record shows that appellant was capably represented during the hearing and that appellant's attorney on his return made no request for further cross-examination of the witnesses, and the record does not show that such witnesses were not available for recall or that the board before whom the hearing was being had would have refused a request to have such witnesses testify further, a refusal by the board of a continuance during such attorney's absence did not constitute prejudicial error.

**Appellate Review [Abs & O. Jur.] §815**

4. On an appeal from an administrative body where no additional evidence is presented to the reviewing court, the right to weight and evaluate the testimony cannot be taken from the first trier of facts by the court sitting in review.

### HEADNOTES BY EDITORIAL STAFF

594

Pickrel, Schaeffer & Ebeling, Kennedy Legler, Jr., William H. Selva, of Counsel, Dayton, for plaintiff-appellant.

Canny, Stewart & Cromer, Clarence J. Stewart, of Counsel, Dayton, for plaintiff-appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for defendant-appellee.

HISTORY:—Appeal on questions of law from a judgment of the Court of Common Pleas affirming an order of the State Board of Real Estate Examiners revoking appellant's real estate license. Judgment affirmed. For further history see **Omnibus Index** in bound volume.

## OPINION

Per CURIAM:

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the State Board of Real Estate Examiners revoking appellant's real estate license No. 19596.

We hereinafter refer to the State Board of Real Estate Examiners as the Board. The original hearing before the Board was based upon two charges of violation of §§1, 2, 6, 9 and 22 of §6373-42 GC. The charges grew out of transactions between appellant broker, and Daisy H. Smith, relating to the sale of her residence and the purchase of a business by two of her sons; and the sale by Mrs. Frances P. Shannon of her residence property and the purchase by her of a tavern. The complaint in the form of an affidavit, as required by statute, set out in simple and understandable form the particulars wherein was set forth the transaction involved, thereafter followed the numbered paragraphs of the §6373-42 GC which it was asserted were specifically violated.

An original and an amended assignment of errors have been filed. We consider the amended assignment.

The second and fourth assignments were not presented to, or considered by the Board, or on the appeal to the Common Pleas Court. For that reason we may not pass upon them. **Kimble v. Kimble Bros., Inc., 143 Oh St 500.**

The first assignment is that the court erred in affirming the order of the Board in holding that the Board did not abuse its discretion in refusing to grant the appellees request for a continuance.

The action of the Board must be supported unless it appears that it abused its discretion. We cannot so find. Without respect to the technical question of the right of a party to be represented by any particular attorney, which is doubtful, the decisive matter here is whether, upon the whole record, it appears that the appellant was prejudiced by the refusal to grant the continuance. Judge Stewart, who had been employed to represent the appellant, was unavoidably absent during the reception of the testimony of Mrs. Smith and Mr. Huffman, the witnesses on behalf of the complainant. However, another attorney was present and capably represented the appellant, although it must be conceded that he did not waive the motion for continuance and asserted that he was not representing the appellant. However, as we read the record, Judge Stewart, upon his return, made no request for further cross-examination of either of the witnesses for the complainant, and there is no showing that Mrs. Smith was not

available at all times, nor that Mr. Huffman could not have been recalled; nor does the attitude of the Board indicate that there would have been a refusal to have required them to testify further had the request been made.

The third assignment of error is that the order of the Board was against the manifest weight of the evidence and that the court erred in affirming it.

We have held in appeals comparable to this, no additional evidence being offered on the appeal, that the right to weigh and evaluate the testimony cannot be taken from the first trier of the facts, in this case the Board, by a Court sitting in review. Rufo, d. b. a. Mickey's Cafe. v. Board of Liquor Control, No. 5080, Franklin County, October 22, 1954, unreported.

So testing this case, we cannot say that the order was against the manifest weight of the evidence, or unsupported thereby.

We do not discuss the facts at length, because they are extensive and somewhat involved and it would serve no good purpose to burden this opinion with a detailed recitation of them. With the exception of two instances, not material, all of the evidence received on behalf of the complaint was properly admitted. Indeed the rulings of the Board were sound and proper and were favorable to the appellant in that it ruled out the testimony proffered on behalf of complainant, which was competent and relevant.

Even upon the explanation of appellant, in its most favorable light to him, his methods in the transactions under consideration were involved, devious and dubious, and difficult to reconcile with the fair dealing enjoined upon him toward his principals. The part that the agents whom appellant projected into the transactions were to perform is not clear. Their relationship as agents was unknown to either Mrs. Smith or Mrs. Shannon.

Upon the testimony of Mrs. Smith, Mrs. Shannon, Mr. Huffman and Mr. McCluskey, bad faith and sharp practice amply supporting the complaint is shown.

The fourth assignment of error is that the order of the Board was harsh, unjust and unreasonable.

The statute provides that the investigation shall be made by the Board upon the verified complaint of any person, and that the violation of any one of the 25 grounds set out in the numbered paragraphs of §6373-42 GC shall be the basis for the suspension, revocation or refusal of renewal of the Real Estate Broker's License. Here four transactions were involved. two complaints were made, and the Board found that five of the specific grounds of the statute had been violated. We cannot support the error assigned.

Upon a careful consideration of the errors assigned which we can properly consider, we are required to find that the order of the Board was supported by reliable, probative and substantial evidence and was in accordance with law, and that the Common Pleas Court on appeal did not err in so holding.

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 2278. Decided January 24, 1955.

**Administrative Law [Abs & O. Jur.] §130**
1. The basic reason necessitating separate findings of fact in decisions by administrative bodies arises from the fact that the law under which such bodies act requires such findings and no such requirement is placed by law upon the Board of Real Estate Examiners.

**Administrative Law [Abs & O. Jur.] §§28, 29, 30**
2. Sec. 4713.18 R. C. provides sufficient standards for the guidance of the Board of Real Estate Examiners in the revocation or suspension of a real estate license.

### HEADNOTES BY EDITORIAL STAFF

Pickrel, Schaeffer & Ebeling, Dayton, By Kennedy Legler, Jr., and William H. Selva, Of Counsel, for plaintiff-appellant.

Canny, Stewart & Cromer, Dayton, by Clarence J. Stewart, Of Counsel, for plaintiff-appellant.

Hon. C. William O'Neill, Attorney General, and Kiehner Johnson and Earl N. Merwin, Assistant Attorneys General, Columbus, for defendants-appellees.

HISTORY:—Application for rehearing. Application denied. For further history see **Omnibus Index** in bound volume.

### OPINION

PER CURIAM:
Submitted on application for rehearing. It is claimed that we did not consider and determine the second amended assignment of error which it is asserted raises the question of the jurisdiction of the State Board of Real Estate Examiners to make the order from which the appeal is prosecuted, without separate findings of fact.

Appellants cite **1 O. Jur. 2d, p. 515.** As we read the citation and particularly the annotation, 146 A. L. R. 211, to which reference is made in the footnotes to the text, the cases cited are not authority for appellant's contention as to jurisdiction. The basic reason supporting the necessity of findings by an administrative body is that the law under which it acts requires that is make such findings. The section involved here makes no such provision.

The contention that no standards are set up is not well made because the standards are prescribed in the section, §4735.18 R. C., §6373-42 GC. The charge set forth subject matter asserting that the section had been violated in certain particulars. The Board specifically found that it had been so violated. The Board did not set up its own standards, but acted upon those which had been prescribed by the Legislature. We cannot find that due process of law has been violated, nor that any findings of fact other than those set out in the order were essential to the exercise of jurisdiction by the Board. What we have heretofore said, in the third paragraph on page 5 of the original opinion, is applicable to the second assignment of error.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.